UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Docket: 3:03 CR 182(SRU) |
| | 3:03CR 253(SRU) |
| Vs. | |
| SALVATORE J. CARTELLI, JR. | March 4, 2005 |

**DEFENDANT'S SENTENCING MEMORANDUM**

I. Introduction

This proceeding involves two convictions against the Defendant Salvatore Cartelli, Jr. which have been consolidated for sentencing.

Specifically, in **U.S. v. Cartelli,**, Docket No. 3:03CR182, a jury found the defendant guilty of nine counts of mail fraud in violation of 18 U.S.C. 1341 on October 8, 2004. On October 12, 2004, the same jury found that the monetary loss to investors was $757,000.00. This was the same loss attributed to his co-defendant, Albert LaTouche.

On December 15, 2004, this defendant was found guilty of one count of credit card fraud in violation of 18 U.S.C. 1029(a)(5) in **U.S. v. Cartelli**, Docket No. 3:03CR253.

This Court has consolidated both cases for sentencing.

II. Argument

**The Government's Request For An Upward Departure is unwarranted** .

The Probation Office in its report dated January 4, 2005 has grouped the two charges together into one group of closely related counts pursuant to U.S.S.G. 3D1.2(d). The government does not object to the grouping of the charges, but argues that the final

1

Guidelines Computation of 27-33 months under-represents the seriousness of his criminal history and seeks an upward departure under U.S.S.G. 4A1.3.

Neither party objects to the Probation Office's mathematical computations or of the grouping under U.S.S.G. 3D1.2(d). Rather, it is the Government's argument that the final result essentially gives Cartelli a "free-ride" for his second offense due to the consolidation.

Contrary to the Government's argument, **United States v. Ashley**, 141 F.3d 63, 69, (2d Cir. 1998), does not authorize an upward departure just because the result of grouping appears to favor the defendant. Rather, US.S.G. 4A1.3 authorizes such a departure from the prescribed range if the court finds that a defendant's criminal history category "significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes."[1]

That Guidelines Section, 4A1.3(a)(2) describes various "information" which the Court should review in considering an upward departure. Sections A and B refers to prior sentences either not used in computing the criminal history category or relating to independent crimes. These sections are not applicable here.

Section C refers to prior misconduct established by a civil adjudication. Again this is not applicable to Cartelli. Section D inquires as to whether the defendant was pending trial or sentencing at the time of the instant offense. Again, this section is not applicable.

Finally, section E makes reference to "Prior similar adult conduct not resulting in a criminal conviction". The government might argue that this relates to this issues of the

---

[1] The Second Circuit uses the word "significantly" in this quote at Ashley at 141 F3d 63, 69. The word in the latest Guidelines manual is "substantially":

2

"stolen" vehicles brought to the court's attention. However, Defendant would argue that those issues are not similar to the issues raised in either of the two instant cases.

Defendant does not have an "extensive criminal history" (See Application Notes to 4A1.3). Rather his entire criminal history is contained within these two cases, when, if grouped as allowed by the Guidelines result in a sentencing range the Government argues in inadequate.

A review of **United States v. Bauers**, 47 F.3d 535 (2d Cir. 1995) indicates that it does not stand for the proposition the Government suggests. Rather, that case involved the grouping of two state court offenses and how they should be interpreted under the Guidelines. If Cartelli had a state record, which he does not have, **Bauers** might be of assistance.

Further, **United States v. Gayle**, 389 F.3d 406 (2d Cir 2004) addresses itself to the issue of recidivism as a reason for upwardly departing a defendant's criminal history. There, the defendant had been given a number of "light" state court sentences and continued to flaunt the law. Again such is not the case here.

For the reasons set forth herein, defendant would respectfully request that he be sentenced within the Guideline Range of 27-33 months.

                              THE DEFENDANT
                              SALVATORE J. CARTELLI, JR

.

                              BY_____
                              JONATHAN J. EINHORN
                              412 Orange Street
                              New haven, CT. 06511
                              203-777-3777
                              Jnhorn@aol.com

4

## CERTIFICATION

  I hereby certify that I hand delivered a copy of this pleading to Attorney Calvin B. Kurimai, Asst. U.S. Attorney in open court on March 4, 2005.

_____<br>JONATHAN J. EINHORN