# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| **SALVATORE J. CARTELLI, JR.** | CASE NO. 3:03CR182 (SRU)<br>CASE NO. 3:03CR253 (SRU)<br><br>**Calvin B. Kurimai**, Assistant U.S. Attorney<br><br>**Jonathan Einhorn, Esq.**<br>Defendant's Attorney |

FILED 2005 MAR 10 P 4: 19 U.S. DISTRICT COURT BRIDGEPORT, CONN

The defendant was found guilty of counts **One through Nine** in case #3:03cr182 and was found guilty of count **One** in case #3:03cr253. Accordingly, the defendant is adjudged guilty of counts **One through Nine** in case #3:02cr182 and adjudged guilty of count **One** in case #3:03cr253, which involve the following offenses:

Title & Section: **18:1341**  
Nature of Offense: **Mail Fraud** case #3:03cr182  Count: **One through Nine**  
Date Offense Concluded: **7/00**

Title & Section: **18:1029(a)(5)**  
Nature of Offense: **Credit Card Fraud** case # 3:03cr253  Count: **One**  
Date Offense Concluded: **6/01**

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant is hereby committed to the custody of the United States Attorney General or his duly authorized representative to be imprisoned for a term of: **42 months** in case #3:03cr182 on counts one through nine, to be served concurrently; **42 months** imprisonment on Count One in case #3:03cr253. The sentence imposed in case #3:03cr253 shall run concurrently to the sentence imposed in case #3:03cr182. This sentence reflects an upward departure, pursuant to U.S.S.G. Sections 2F1.1 (1998) and 4A1.3. The loss amount does not fully capture the harmfulness and seriousness of the conduct in these cases, which involved defrauding individuals of hard earned funds needed, in several cases, for retirement and medical treatment. The victims will suffer long term financial distress as a result. In addition, the defendant's criminal history score substantially understates the likelihood of recidivism and, due to the fortuity that these cases were sentenced together, the seriousness of his prior criminal conduct.

Restitution is ordered in the total amount of $792,614.

Upon release from custody, the defendant shall be on supervised release for a term of **3 years** in case #3:03cr182 and **3 years** in case #3:03cr253, to be served concurrently.

Special Conditions of Supervised Release include: 1) The defendant shall participate in a program approved by the Probation Office for mental health treatment. The defendant shall pay all, or a portion of the costs associated with treatment, based on the defendant's ability to pay. 2) The defendant shall pay towards the restitution at a rate of $250 per month, subject to adjustment. The defendant shall pay restitution in case #3:02cr253 to each of the victims in the total amount of $757,000. See attached list of victims. Restitution should be made through the U.S. District Court, who will pay the victims fairly as payments are received. Regarding the victims in Case #3:03cr253, restitution should be forwarded to the following individuals.

| | | |
|---|---|---|
| Citigroup Inc. $6,500<br>Attn: John Fuccillo, Investigator<br>47 Independence Way<br>Norwood, Massachusetts 02062<br>Reference Number 200100204527 | Card Service International $1,014<br>Attention Geoff Gray, Investigator<br>6101 Candor Drive<br>Moorpark, California 93021 | Discover Financial Services, Inc $4,000<br>Attention: Restitution<br>P.O. Box 15048<br>Wilmington, Delaware 19850<br>Reference Number: 6011004065005601 |

MBNA America Bank N.A. $11,300
Delaware Investigations
100 North King Street
Wilmington, Delaware 19884-1131
Attention Cindi Boone/Mailstop #1131
Number: 5329034206073829

Chase Manhattan Bank $10,000
Attention: Martin Lavergne, Jr.
100 Duffy Avenue
Building H1, Second Floor
Hicksville, New York 11802

American Express $2,800
Global Security Department
Attention: Sam Hill
200 Versey Street
Mail Code: NY-0101-01 Reference
New York, New York 10285

The defendant shall voluntarily surrender to the Bureau of Prisons by 2:00 p.m. on June 15, 2005.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

In addition to the special conditions of supervised release imposed above, it is hereby ordered that the conditions of supervised release set out on the reverse side are imposed.

It is ordered that the defendant shall pay a Special Assessment of **$900**, for counts **One through Nine** in case #3:03cr182 and **$100,** for count **One** in case #3:03cr253 for a total of **$1,000** which shall be due **immediately.**

March 4, 2005
Date of Imposition of Sentence

Stefan R. Underhill, United States District Judge
Date: **March 10, 2005**

CERTIFIED AS A TRUE COPY
ON THIS DATE _____
Kevin F. Rowe, Clerk
BY: _____
    Deputy Clerk

## CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

### MANDATORY CONDITIONS

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ■ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ☐ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
- ■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ☐ (7) A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.
- ■ (8) The defendant cooperate in the collection of a DNA sample from the defendant.

While on supervised release, the defendant shall also comply with all of the following Standard Conditions:

### STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
(2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
(6) The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
(14) The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

The defendant shall also report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons.

### RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
John F. Bardelli
United States Marshal


By:_____
   Deputy Marshal

3:03Cr182 (SRU)

USA v Salvatore J. Cartelli, Jr.

There are 46 victims to be paid in #3:03cr182 (SRU) through restitution in the total amount of $757,000.

Andrew and Margaret Minick ($25,000), Anne Remington Banks ($5,000), Anthony C. Pozzetti ($20,000), Anthony and Sharon DiLauro ($20,000), Art and Judy Gottier ($40,000), Brett C. Astin ($5,000), Burton H. Slossberg ($20,000), Catherine Brutzman ($17,500), Charles and Louise Helenek ($31,000), David G. Banks ($5,000), Deborah Case Banks ($5,000), Donald and Madke Corneau ($2,500), Eileen McKiernan ($5,000), Gaetan and Rosemarie Roy ($100,000), Grezegorz and Katarzyna Wysocki ($10,000), James C. Stellato ($7,500), Janet McKee Banks ($5,000), John and Alice Durinick ($7,500), John and Frances Oktavec ($30,000), Joyce Kirby Erlandsen ($15,000), Kimball and Carol Messler ($5,000), Lawrence S. Elsner ($7,500), Leo and Marilyn McKiernan ($10,000), Louis and Barbara Fabri ($40,000), Mark Epright ($5,000), Marck Randino ($10,000) Raymond and Laura Casella ($10,000), Raymond and Peggy Flavell ($30,000), Raymond C. Kirby ($5,000), Richard and Cynthia Birmingham ($20,000), Robert G. Siegal ($7,500), Robert Kuchyt ($2,000), Robert and Barbara Fuller ($10,000), Robert Quigley ($10,000), Robert R. Nettleton ($25,000), Scott Graziano ($35,000), Scott and Diane Cartier ($15,000), Scott R. Brookes ($15,000), Sebastian and Nancy Randino ($15,000), Timothy A. Banks ($15,000), Tony and Sara Salamone ($5,000), Verne R. Brookes ($15,000), Vincenzo and Valerie Miceli ($20,000), Yuksel Serindag and Martha Banks-Serindag ($5,000) and Augusta Chadsey ($10,000), totaling $757,000.